UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WATERFURNACE INTERNATIONAL, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 1:15-CV-8 |
| | ) |
| B&S SHEET METAL MECHANICAL, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Before the Court is an Amended Notice of Removal filed by *pro se* Defendant William Craig Jackson, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket # 1.) In the Amended Notice of Removal, Jackson alleges, among other things, that "Defendant Jackson Geothermal HVAC and Drilling, LLC, is a fictitious entity organized and registered in the Commonwealth of Pennsylvania, with its members being the following individuals: Defendant Garth Jackson, Defendant William Craig Jackson, Andrew Jackson and Christopher Jackson," who are all "individuals domiciled in the Commonwealth of Pennsylvania." (Am. Notice of Removal ¶¶ 8-12.)

To reiterate, as the party seeking to invoke federal diversity jurisdiction, Jackson bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

The jurisdictional allegations with respect to Defendant "Jackson Geothermal HVAC and Drilling LLC," stating that it is a "fictitious entity" are inadequate. If Jackson Geothermal

HVAC and Drilling, LLC, is a limited liability company as its name suggests, the Notice of Removal must state so and articulate the identity and citizenship of each member of the limited liability company. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (stating that a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members"). Accordingly, Jackson will be ORDERED to supplement the record to adequately recite the citizenship of Defendant Jackson Geothermal HVAC and Drilling, LLC.

As a second matter, Jackson is cautioned that even if he successfully alleges diversity jurisdiction, B&S Sheet Metal Mechanical, Inc., and Jackson Geothermal HVAC and Drilling, LLC, cannot proceed in federal court without an attorney. *See United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008) (explaining that a corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("[C]orporations must appear by counsel or not at all."); *7-Eleven, Inc. v. Spear*, No. 10-cv-6697, 2013 WL 2459204, at *4 (N.D. Ill. June 7, 2013) (explaining that the individual defendant could proceed *pro se* in federal court, but the defendant corporation–which was wholly owned by the individual defendant–required licensed counsel); *Robinson ex rel. Ind. Reg'l Council of Carpenters Pension Trust Fund v. Vision Drywall, LLC*, No. 2:07-cv-190, 2010 WL 2674475, at *3 (N.D. Ind. June 29, 2010) ("[A] limited liability company, unlike an individual, may not proceed pro se in federal litigation.").

That is, B&S Sheet Metal Mechanical, Inc., and Jackson Geothermal HVAC and Drilling, LLC, will have to appear by counsel in this matter or be subject to an entry of default and default judgment. *See Hagerman*, 545 F.3d at 581-82; *Kipp v. Royal & Sun Alliance Pers.*

*Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002).

Returning to the matter at hand, however, Jackson is ORDERED to supplement the record on or before February 12, 2015, to adequately recite the citizenship of Defendant Jackson Geothermal HVAC and Drilling, LLC.

SO ORDERED.

Enter for this 29th day of January 2015.

s/ Susan Collins  
Susan Collins,  
United States Magistrate Judge