UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| WATERFURNACE INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:15-CV-008 JD |
| B&S SHEET METAL MECHANICAL, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is the motion for default judgment filed by the plaintiff, WaterFurnace International, Inc., against each of the defendants in this case. [DE 18]. Those defendants include three entities, which are B&S Sheet Metal Mechanical, Inc.; B&S Sheet Metal Mechanical, Inc. d/b/a Jackson Geothermal HVAC and Drilling, LLC[1]; and Jackson Geothermal HVAC and Drilling, LLC; in addition to two individuals, William Craig Jackson and Garth C. Jackson. For the reasons set forth below, the motion for default judgment is granted in part as to the entity defendants, and is denied in part with leave to refile as to the individual defendants.

**I. BACKGROUND**

WaterFurnace International, Inc. is a corporation engaged in the business of manufacturing, marketing, and selling geothermal systems and equipment. [DE 5]. WaterFurnace received a credit application from a company that listed its name as "B&S Sheet

---

[1] The Court construes this as the same entity as the first defendant, B&S Sheet Metal Mechanical, Inc., with its name pled in the alternative with its doing-business-as name.

Metal Mech, Inc." In the line next to "D/B/A," the application stated: "Jackson Geothermal HVAC & Drilling, LLC." The application was signed by William Craig Jackson and Garth Jackson, who listed their titles as "President" and "Member," respectively. Relying on the representation that those companies constituted the same entity, and thus believing that any extensions of credit would be the obligation of each of those companies, WaterFurnace accepted the application and thereafter extended credit. The entity defendants then issued purchase orders for WaterFurnace materials and equipment for use in a federally funded construction project. WaterFurnace accepted the purchase orders and thereafter shipped the materials and equipment to the entity defendants. The terms and conditions of those sales specify that any amounts that remain unpaid after thirty days will accrue service charges at the rate of 1.5% per month or 18% annually. They also specify that WaterFurnace may recover "all costs and attorneys' fees incurred in collection of all past due invoices and accounts." [DE 5 p. 8, 16].

However, the entity defendants have failed to pay the amounts due, and had an unpaid balance of $312,427.09 as of December 8, 2014. Accordingly, on December 11, 2014, WaterFurnace filed a complaint in Allen County, Indiana against the five defendants, seeking recovery of that amount plus other fees and costs. By January 13, 2015, WaterFurnace had properly effected service of the summons and complaint on each of the defendants by way of a private process server. On January 12, 2015, defendant William Craig Jackson filed a pro se notice of removal in this Court, alleging diversity jurisdiction as the basis for removal. After twice amending the notice of removal, Mr. Jackson properly asserted the predicates for diversity jurisdiction. Specifically, WaterFurnace is incorporated in Indiana and has its principal place of business in Indiana, making it an Indiana citizen. Defendant B&S Sheet Metal Mechanical Inc. (and thus its alias, B&S Sheet Metal Mechanical Inc., d/b/a Jackson Geothermal HVAC and

Drilling, LLC) is incorporated in and has its principal place of business in Pennsylvania. Defendant Jackson Geothermal HVAC and Drilling, LLC is a limited liability company that has four members, each of whom are individuals who are citizens of Pennsylvania. The two individual defendants, William Craig Jackson and Garth Jackson, are also each citizens of Pennsylvania. Thus, none of the defendants are citizens of the same state as the plaintiff, satisfying the complete diversity requirement. Further, the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Since filing and amending the notice of removal, though, William Craig Jackson has taken no further action in this case. In addition, none of the other defendants has ever appeared, either in this Court or in state court prior to the removal. Accordingly, on February 16, 2015, WaterFurnace moved for a clerk's entry of default as to each defendant, and certified its service of the motion as to all defendants. The Clerk entered default as to each defendant on February 25, 2015, and no defendant has moved to set aside that default. WaterFurnace then filed the present motion for default judgment on March 30, 2015, along with a Declaration of Indebtedness and a certificate that it served the motion on each defendant. None of the defendants have responded to the motion, and their time to do so has expired.

**II. DISCUSSION**

The entry of a default judgment under Rule 55(b) lies within the sound discretion of the district court. *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990). "In determining whether to enter a default judgment, the court may consider a number of factors including whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D.

3

Ind. 2005) (citing 10A Wright & Miller, Federal Practice and Procedure § 2685 (3d ed. 1998)). Default judgment, however, is not automatic. Plaintiffs seeking default judgment must demonstrate that they are entitled to judgment as a matter of law. *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265 (7th Cir. 1995). "In making this inquiry, the court must assume that the factual allegations are, by reason of the default, true." *Id.* at 265–66; *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.").

In this case, the docket reflects that each of the defendants were served with the summons and complaint via process server, the last of which occurred on January 13, 2015. The defendants have therefore each received proper notice that an action was pending against them. However, none of the defendants filed an answer to the complaint. Only William Craig Jackson has even appeared in this action, and his activity only encompassed filing and then amending a notice of removal. In addition, even after the Clerk entered each defendant's default and WaterFurnace moved for default judgment, no defendant has moved to set aside the default or responded in opposition to the motion for default judgment. Under these circumstances, the Court must conclude that the defendants do not intend to defend themselves. Default judgment is therefore appropriate as long as the Court has personal jurisdiction over each defendant and the uncontested factual allegations in the complaint establish the requisite elements for liability on WaterFurnace's claim.

While WaterFurnace's motion for default judgment contains no discussion or analysis of those questions, their resolution is straightforward as to the entity defendants. As part of the terms and conditions of the underlying transaction, the entity defendants consented to personal

4

jurisdiction in Indiana courts. [DE 5 p. 8, 17]. The complaint further alleges that the purchase orders were issued by each of the entity defendants, that WaterFurnace fulfilled its obligations by delivering the materials and equipment, and that the entity defendants have failed to pay as required, which gives rise to liability against each of the entity defendants for breach of contract. Therefore, a default judgment is warranted against the entity defendants.

The resolution of those issues is not as readily apparent as to the individuals, though. The complaint does not identify any activities by the individuals that occurred in or were directed at the State of Indiana, and it does not indicate that the individuals have consented to personal jurisdiction here. Moreover, under Indiana law, owners and agents of corporations and limited liability companies are generally not liable for the debts of the entities. *Meridian N. Invs. LP v. Sondhi*, 26 N.E.3d 1000, 1004 (Ind. 2015) ("Although a corporation acts only through its agents, officers, shareholders, and employees, it is the corporate entity that is legally responsible for those acts."); *Pazmino v. Bose McKinney & Evans, LLP*, 989 N.E.2d 784, 786 (Ind. Ct. App. 2013). The complaint contains brief and rather conclusory allegations that may be aimed at piercing the corporate veil, but the motion contains no analysis as to how those allegations suffice to establish personal jurisdiction over and liability against the individuals. Accordingly, the Court denies the motion for default judgment against the individuals, but with leave to refile with proper analysis and, if necessary, additional factual support.

The Court therefore turns to what amount of damages should be awarded for the default judgment against the entities. While the well-pleaded allegations of the complaint with respect to liability are generally taken as true, the amount of damages must still be proved. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Here, WaterFurnace presented a declaration that allows the Court to ascertain the amount of damages that WaterFurnace suffered as a result of the failure to

5

pay for the ordered materials and equipment. As such, no hearing need be held to determine the amount of damages. *See Dundee Cement Co.*, 722 F.2d at 1323 (clarifying that the Rule 55(b)(2) hearing provision is discretionary, and that a court need not hold a hearing before entering default judgment).

According to the declaration, the amount owed to WaterFurnace pursuant to the contract was $312,427.09 as of December 8, 2014. The terms and conditions of the sale also specify that service charges of 1.5% per month, or 18% per year, will apply to any remaining balances. Accordingly, WaterFurnace seeks an additional $15,253.28, which it calculates as the service charge for the period from December 9, 2014 through March 17, 2015 (just prior to when it filed the motion for default judgment). It further seeks service charges that have accrued from March 18, 2015 through the date judgment is entered; at an 18% interest rate on the amount due as of March 18, 2015, that amount is $161.59 per day. Because those amounts are supported by the declaration, the Court will award each of those amounts as part of the default judgment. WaterFurnace further seeks recovery of its attorneys' fees and costs, which the terms and conditions specify may be recovered when they are incurred in collection of past due amounts. The Court accordingly awards WaterFurnace the attorneys' fees and costs incurred in this action relative to the entity defendants. Because WaterFurnace has not yet specified those amounts, it is directed to submit and certify those amounts within 14 days of this order. Last, because this order resolves this action as to some, but not all, of the defendants in this case, WaterFurnace may request at that time that the Court enter a final judgment against the entity defendants pursuant to Rule 54(b).

### III. CONCLUSION

WaterFurnace's motion for default judgment is GRANTED in part and DENIED in part. Specifically, the motion is DENIED with leave to refile as to defendants William Craig Jackson
6

and Garth C. Jackson. However, the motion is GRANTED as to defendants B & S Sheet Metal Mechanical, Inc.; B & S Sheet Metal Mechanical, Inc. d/b/a Jackson Geothermal HVAC and Drilling, LLC; and Jackson Geothermal HVAC and Drilling, LLC, in the amounts set forth in this order. WaterFurnace is ORDERED to submit its attorneys' fees and costs within 14 days of this order, after which, if requested by WaterFurnace, the Court will direct the Clerk to enter a final judgment as to those defendants.

  SO ORDERED.

  ENTERED: October 28, 2015

             /s/ JON E. DEGUILIO
             Judge
             United States District Court